## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD LAWRENCE,<br><br>Plaintiff,<br><br>vs.<br><br>LA JOLLA PHARMACEUTICAL COMPANY, KEVIN TANG, LARRY EDWARDS, CRAIG JOHNSON, LAURA JOHNSON, DAVID RAMSAY, and ROBERT ROSEN,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Richard Lawrence ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action against La Jolla Pharmaceutical Company ("La Jolla" or the "Company") and its corporate directors for violating 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the Board's attempt to sell La Jolla to Innoviva, Inc. ("Innoviva") (the "Proposed Transaction").

2. On July 10, 2022, La Jolla entered into an Agreement and Plan of Merger with Innoviva, Raven Buyer, Inc. ("Parent") and Innoviva's wholly owned subsidiary, Innoviva Acquisition Sub, Inc. ("Purchaser") (the "Merger Agreement"). The Merger Agreement provides

that La Jolla stockholders will receive $6.23 per share of Company common stock tendered into a tender offer commenced on July 25, 2022 (the "Tender Offer").

3. On July 25, 2022, the Board authorized the filing of the materially incomplete and misleading Schedule 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement") with the SEC. The Solicitation Statement, which recommends that Company stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(d)(4), 14(e), and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the forthcoming close of the Tender Offer so that they can properly exercise their rights.[1]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d)(4), 14(e), and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder

---

[1] The Tender Offer is currently scheduled to expire at one minute after 11:59 p.m., New York City time, on August 19, 2022.

pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of shares of La Jolla common stock.

10. Defendant La Jolla is a Delaware corporation, with its principal executive offices located at 201 Jones Road, Suite 400, Waltham, Massachusetts 02451. La Jolla's shares trade on the Nasdaq Capital Market under the ticker symbol "LJPC."

11. Defendant Kevin Tang is and has been Chairman of the Board and a director of the Company at all relevant times.

12. Defendant Larry Edwards is and has been President, Chief Executive Officer and a director of the Company at all relevant times.

13. Defendant Craig Johnson is and has been a director of the Company at all relevant times.

14. Defendant Laura Johnson is and has been a director of the Company at all relevant times.

15. Defendant David Ramsay is and has been a director of the Company at all relevant times.

16. Defendant Robert Rosen is and has been a director of the Company at all relevant times.

17. Defendants identified in paragraphs 11-16 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

18. On July 11, 2022, La Jolla and Innoviva jointly announced in relevant part:

BURLINGAME, Calif. & WALTHAM, Mass.--Innoviva, Inc. (Nasdaq: INVA), a diversified holding company with a portfolio of royalties and a growing portfolio of innovative healthcare assets, and La Jolla Pharmaceutical Company (Nasdaq: LJPC), which is dedicated to the commercialization of innovative therapies that improve outcomes in patients suffering from life-threatening diseases, today announced that they have entered into a definitive merger agreement whereby Innoviva will acquire La Jolla. Innoviva has agreed to pay $5.95 per share for La Jolla, representing a premium of approximately 70% to the 30-day volume-weighted average price (VWAP), and an incremental $0.28 per share for additional cash proceeds received in connection with the divestiture of a non-core asset. Under the terms of the merger agreement, Innoviva, through a wholly owned subsidiary, will commence a tender offer on or before July 25, 2022 to acquire all of the outstanding shares of La Jolla for $6.23 per share in cash, or an implied enterprise value of approximately $149 million.

La Jolla's lead product, GIAPREZA® (angiotensin II), was approved by the Food and Drug Administration (FDA) in December 2017 to increase blood pressure in adults with septic or other distributive shock. La Jolla's second asset, XERAVA® (eravacycline), was approved by the FDA in August 2018 for the treatment of complicated intra-abdominal infections (cIAIs) in patients 18 years of age and older. This acquisition strengthens Innoviva's portfolio in infectious diseases, anchored by the company's recent purchase of Entasis Therapeutics Holdings Inc., an advanced late-stage clinical biopharmaceutical company focused on the discovery and development of novel antibacterial products.

"This acquisition represents a significant step forward in advancing our strategy to diversify operations and adds a highly complementary commercial franchise to our portfolio to accelerate long-term growth," said Pavel Raifeld, Chief Executive Officer of Innoviva. "We look forward to welcoming the La Jolla team to Innoviva and building upon the success of GIAPREZA and XERAVA."

"We are pleased to announce the acquisition of La Jolla by Innoviva, which we believe provides our stockholders with immediate value at a compelling premium,"

said Larry Edwards, President and Chief Executive Officer of La Jolla. "With Innoviva's shared commitment to improve outcomes in patients suffering from life-threatening diseases, Innoviva can continue to advance our mission and maximize the potential of our innovative therapies."

Assuming the minimum tender condition is met, any shares not tendered in the tender offer will be acquired in a second-step merger at the same cash price as paid in the tender offer. Closing of the transaction is subject to specified closing conditions, including that a majority of La Jolla's shares of common stock are validly tendered and not validly withdrawn. On closing, La Jolla will become a wholly owned subsidiary of Innoviva, and shares of La Jolla's common stock will no longer be listed on any public market.

The transaction was unanimously approved by the La Jolla and Innoviva boards of directors and is expected to close within 30 business days. Additionally, certain La Jolla stockholders holding approximately 40% of La Jolla's outstanding shares of common stock, have signed a support agreement under which such stockholders agreed, among other things, to tender their shares in the tender offer and support the merger.

Cowen and Company, LLC is acting as financial advisor to La Jolla and Gibson, Dunn & Crutcher LLP is acting as its legal advisor. Moelis & Company LLC is acting as financial advisor to Innoviva and Willkie Farr & Gallagher LLP is acting as legal advisor to Innoviva.

**The Materially Incomplete and Misleading Solicitation Statement**

19. On July 25, 2022, the Board caused to be filed a materially incomplete and misleading Solicitation Statement with the SEC. The Solicitation Statement, which recommends that La Jolla stockholders tender their shares in the Tender Offer, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial projections for the Company and the financial analyses that support the fairness opinion provided by the Company's financial advisor, Cowen and Company, LLC ("Cowen"); and (b) the background of the process leading to the Proposed Transaction.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts and Cowen's Financial Analyses*

20. The Solicitation Statement fails to disclose material information concerning La Jolla's financial forecasts, including the assumptions underlying the Company's "Five Year Projections."[2]

21. The Solicitation Statement further fails to adequately disclose the "Wall Street Projections" upon which Cowen relied in opining that the Proposed Transaction was financially fair to the Company's stockholders.[3]

22. The Solicitation Statement fails to disclose material information concerning Cowen's financial analyses, including with respect to the financial advisor's *Discounted Cash Flow Analysis* ("*DCF*"). Specifically, the Solicitation Statement fails to disclose (a) the inputs and assumptions underlying the range of discount rates utilized by Cowen in connection with this analysis; and (b) La Jolla's terminal values.

23. With respect to the *Public Trading Multiples* and *Selected Transactions Analyses* performed by Cowen, the Solicitation Statement fails to disclose the individual multiples and financial metrics for each of the respective selected companies and transactions Cowen analyzed. In addition, the Solicitation improperly omits (a) the Company's total debt and cash and cash equivalents, on a *pro forma* as adjusted basis for material business development transactions; and (b) La Jolla's fully diluted outstanding shares.

24. With respect to Cowen's *Illustrative BioPharma Premiums Paid Analysis*, the Solicitation Statement fails to disclose the transactions analyzed and the individual premiums observed for each transaction.

---

[2] *See* Solicitation Statement at 33.
[3] *See* Solicitation Statement at 26

6

25. With respect to Cowen's *Research Analyst Price Target* analysis, the Solicitation Statement fails to disclose the individual price target observed and the sources thereof.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

26. The Solicitation Statement fails to disclose material information concerning the background of the Proposed Transaction, including whether the Company has entered into any confidentiality agreements containing a "don't-ask, don't-waive" standstill provision that is still in effect and presently precluding a party submitting a topping bid for the Company.

27. In sum, the omission of the above-referenced information renders statements in the "Certain Information Provided by the Parties," "Opinion of Cowen & Company, LLC, La Jolla's Financial Advisor," and "Background of the Offer and the Merger" sections of the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of La Jolla will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder**

28. Plaintiff repeats all previous allegations as if set forth in full.

29. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting La Jolla stockholders to tender their shares in the Tender Offer.

30. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

31.     Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

32.     SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

33.     Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

34.     The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Solicitation Statement false and/or misleading.

35.     Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

36.     The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and the other stockholders of La Jolla, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate

remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

### Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act

37. Plaintiff repeats all previous allegations as if set forth in full.

38. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

39. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement to La Jolla stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. Specifically, the Solicitation Statement misrepresented and/or omitted material facts concerning the Company's financial projections, Cowen's financial analyses, and the background of the Proposed Transaction

40. Defendants knew that Plaintiff would rely upon their statements in the Solicitation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

41. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

## COUNT III

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

42. Plaintiff repeats all previous allegations as if set forth in full.

43. The Individual Defendants acted as controlling persons of La Jolla within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of La Jolla, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

45. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Solicitation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Solicitation Statement.

46. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Solicitation Statement purports to describe the various issues and

information that they reviewed and considered; descriptions into which Company directors had input.

47. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

48. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, La Jolla stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of La Jolla, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the expiration of the Tender Offer, unless and until defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  August 4, 2022                                    **LONG LAW, LLC**

                                                By  */s/ Brian D. Long*
                                                    Brian D. Long (#4347)
                                                    3828 Kennett Pike, Suite 208
                                                    Wilmington, DE 19807
                                                    Telephone: (302) 729-9100
                                                    Email: BDLong@longlawde.com

                                                    *Attorneys for Plaintiff*